UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CORRION,

    Plaintiffs,

  v.                          CIVIL ACTION NO. 2:12-CV-15101
                               HONORABLE NANCY G. EDMUNDS
                               UNITED STATES DISTRICT JUDGE

STATE TREASURER,

    Defendant,
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

This matter is before the Court on plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Upon review of plaintiff's case and his litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee when he filed his complaint.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison*

1

*Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Because plaintiff has not submitted the necessary $350.00 filing fee for a civil action, the Court will also construe his complaint as a request to proceed *in forma pauperis. See Nance v. Brownlee,* U.S.D.C. No. 07-CV-00208, 2007 WL 1289909, * 1 (W.D. Va. May 1, 2007).

A search of federal court records indicates that plaintiff has five prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Corrion v. Corrion,* U.S.D.C. No. 10-CV-10669; 2010 WL 2573546 (E.D. Mich. June 21, 2010); *Corrion v. Morse, et. al.;* U.S.D.C. No. 2:09-CV-11863 (E.D. Mich. June 30, 2009); *Corrion v. Ludwick,* U.S.D.C. No. 2:09-CV-11531 (E.D. Mich. July 13, 2009); *Corrion v. Morse,* U.S.D.C. No. 2:09-CV-11404, 2009 WL 1086788 (E.D.Mich. April 22, 2009); *Corrion v. Latreille,* U.S.D.C. No. 08-CV-15272; 2009 WL 56057 (E.D. Mich. January 8, 2009).

In addition, plaintiff has been denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the "three-strikes" rule, in nine cases. *See Corrion v. Morse,* U.S.D.C. No. 2:12-10926 (E.D. Mich. March 19, 2012); *Corrion v. Klee, et. al.,* U.S.D.C. No. 2:12-10728 (E.D. Mich. March 15, 2012); *Corrion v. Gatesman, et. al.,* U.S.D.C. No. 2:11-15340 (E.D. Mich. December 20, 2011); *Corrion v. Hood, et. al.,* U.S.D.C. No. 2:11-14916 (E.D. Mich. December 19, 2011); *Corrions v. Copeland, et. al.,* U.S.D.C. No. 2:11-15114, 2011 WL 6122780 (E.D. Mich. December 9, 2011); *Corrion v. State Treasurer,* U.S.D.C. No.

2:10-13172 (E.D. Mich. September 9, 2010); *Corrion v. Kleine,* U.S.D.C. No. 2:10-12192, 2010 WL 2526855 (E.D. Mich. June 16, 2010); *Corrion v. Caruso*, U.S.D.C. No. 2:09-CV-13159 (E.D. Mich. January 28, 2010); *Corrion v. Corrion,* U.S.D.C. No. 2:09-CV-13265 (E.D. Mich. September 8, 2009).

Under the PLRA, a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997).  The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003).  A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

Plaintiff has at least five prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted.  More importantly, plaintiff was subsequently advised by federal district judges on nine separate occasions that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals.

As the Seventh Circuit has noted: "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,*

3

181 F. 3d 857, 859 (7th Cir. 1999).  In this case, plaintiff has committed what amounts to a fraud upon this Court by requesting *in forma pauperis* status without revealing that other federal judges have previously precluded him from proceeding *in forma pauperis* pursuant to § 1915(g). *See Campbell v. City of Chicago,* 179 Fed. Appx. 395, 396 (7th Cir. 2006)*; See also Fields v. Gilmore,* 145 F. Supp. 2d 961, 963 (C.D. Ill. 2001); *Ward v. King,* U.S.D.C. No. 08-CV-15061, 2009 WL 367859, * 2(E.D. Mich. February 12, 2009); *Demos v. U.S.,* U.S.D.C. No. 2:08-CV-13965, 2008 WL 4387327, * 2-3 (E.D. Mich. September 24, 2008); *State Treasurer v. Garrison*, U.S.D.C. No. 2:08-CV-13018, 2008 WL 2831241, * 2 (E.D.Mich. July 21, 2008).

Moreover, plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his five prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002).  Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g).

Since plaintiff has had five prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999).  The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

### ORDER

IT IS HEREBY **ORDERED** that Plaintiff's *in forma pauperis* status is **DENIED** and the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken by the plaintiff would not be done in good faith.

s/Nancy G. Edmunds
**Nancy G. Edmunds**
**United States District Judge**

**Dated: November 30, 2012**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2012, by electronic and/or ordinary mail.**

s/Carol A. Hemeyer
**Case Manager**